The document below is hereby signed.

Signed: September 2, 2016



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VINCENT N. MBANEFO, | ) | Case No. 09-00791 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S MOTION FOR ENTRY OF DISCHARGE

The debtor's motion for entry of a discharge must be denied based on Section 1141(d)(5)(C) of the Bankruptcy Code (11 U.S.C.), which provides:

> the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that-
>     (i) section 522(q)(1) may be applicable to the debtor; and
>     (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) and (B) are met.

The motion fails to include notice to creditors of an opportunity to oppose the motion. Section 1141(d)(5)(C) "contemplates that a discharge in a chapter 11 case will be granted to a debtor who is

an individual only after notice and a hearing." *In re Lilly*, Case No. 10-00868, 2013 WL 4525225 (Bankr. D.D.C. signed Aug. 24, 2013, and entered Aug. 26, 2013). As noted in *In re Lilly*, at *1 n.2:

> [T]his court's Local Official Form No. 11 (*Debtor's Motion for Entry of § 1328(a) Chapter 13 Discharge and Notice of Deadline and Opportunity to Object*) is used for obtaining a chapter 13 discharge. *See* LBR 4008-1. With modifications deleting provisions inapplicable in chapter 11, that form could be used to obtain a chapter 11 discharge after completing plan payments. The court has not promulgated a form for chapter 11 cases because the required motion would vary depending on whether § 1141(d)(3) does or does not apply.

Under 11 U.S.C. § 102(1), the "after notice and a hearing" requirement can be satisfied via a notice of an opportunity to oppose the motion. Because of Fed. R. Bankr. P. 4004(c)(3), the court requires that 30 days' notice be given (as a prophylactic measure to cover cases in which a Rule 1007(b)(8) statement was required and has been included in the motion).[1]

The debtor's motion ought to have addressed why no delay in entering the discharge was required by § 1141(d)(5)(C). In a case like this, in which the debtor did not claim any exemptions, the debtor could have alleged, but failed to allege, as part of the motion that:

---

[1] To address this issue of compliance with Fed. R. Bankr. P. 4004(c)(3), the court is in the process of modifying the local form regarding a motion for entry of a chapter 13 discharge. LBR 4008-1 should have been numbered LBR 4004-1, and the court is in the process of renumbering that rule as well.

> There is no reason to delay entry of a discharge under § 1141(d)(5)(C) because the debtor did not claim property exempt under 11 U.S.C. § 522(b)(3)(A) under State or local law (the result being that 11 U.S.C. § 522(q)(1) cannot be applicable, and thus no basis for delaying entering the discharge can exist under § 1141(d)(5)(C)).

Alternatively, as contemplated by the form used for a motion for entry of a chapter 13 discharge, the debtor could allege that:

> There is not pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

That, too, would demonstrate that no reason exists to delay entry of a discharge under § 1141(d)(5)(C), and would satisfy Fed. R. Bankr. P. 1007(b)(8) in cases in which a statement under that rule is required. However, that statement should be verified or signed under penalty of perjury under 28 U.S.C. § 1746 when (unlike in this case) under § 1141(a)(5)(C) "section 522(q)(1) may be applicable to the debtor" such as to require a Rule 1007(b)(8) statement. *See* Fed. R. Bankr. P. 1008 (statements must be verified or signed under penalty of perjury under § 1746).[2]

It is

ORDERED that the debtor's motion for entry of a discharge (Dkt. No. 183) is denied without prejudice to a renewed motion

---

[2] As noted in n.1, the court is in the process of modifying the local form regarding a motion for entry of a chapter 13 discharge, and that will include addressing this issue of compliance with Fed. R. Bankr. P. 1008.

that addresses § 1141(d)(5)(C), provided that the debtor gives to the U.S. Trustee and all creditors 30 days' notice of the opportunity to oppose the motion.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.